IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CEJA,<br><br>                Plaintiff,<br>    v.<br><br>DELANO REGIONAL MEDICAL CENTER; SANDRA SCHAEFER, M.D., and DOES 1-10, inclusive,<br><br>                Defendants. | CV F 06-0858 AWI DLB<br><br>ORDER REGARDING DISMISSAL OF DELANO REGIONAL MEDICAL CENTER<br><br>ORDER REMANDING ACTION |

## BACKGROUND

This action was commenced in Kern County Superior Court and was removed to this court because the United States was a Defendant. On August 7, 2006, pursuant to the parties' stipulation, the United States was dismissed from this action. On September 6, 2006, Plaintiff and Defendant Delano Regional Medical Center filed a stipulation of dismissal of this action as to Delano Regional Medical Center. On September 26, 2006, Plaintiff field a request to remand this action to the Kern County Superior Court.

## RULE 41(a)(1) DISMISSAL

Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of

the United States or of any state an action based on or including the same claim. Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997); Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

Because a stipulation for dismissal of this case with prejudice as to Defendant Delano Regional Medical Center has been filed and signed by all parties who have made an appearance, as required by Rule 41(a)(1)(ii), this case has terminated as to Defendant Delano Regional Medical Center. See Fed. R. Civ. Pro. 41(a)(1)(ii).

**REMAND**

Title 28 U.S.C. § 1441 allowed for removal of this action because the United States was a defendant. However, the United States and all served defendants have been dismissed from this action. "[P]endant jurisdiction is a doctrine of discretion not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to the litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state claims." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Because the United States is no longer a defendant, there remains no independent basis for federal jurisdiction. The court may decline to exercise supplemental jurisdiction over state claims when the federal claims are dismissed before trial. See 28 U.S.C. § 1367(c)(3); Gibbs, 383 U.S. at 726; Nishimoto v. Federman-Bachrach &

1  Associates, 903 F.2d 709, 715 (9th Cir.1990).

2       Because this cause of action was removed from state court, the court may remand the
3  remaining state claims for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c); International
4  Primate Protection League v. Administrators of Tulane Educational Fund, 500 U.S. 72, 87
5  (1991); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988);  Harrell v. 20th Century
6  Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991).   The decision to remand is discretionary and the
7  court should determine what "will best accommodate the values of economy, convenience,
8  fairness, and comity. . . ."  Carnegie-Mellon, 484 U.S. at 351; Harrell, 934 F.2d at 205.  In this
9  case, comity and convenience compel remanding this action to state court because this action is
10 based on California law.  In addition, because this action is still at its early stages in this court
11 and the remaining defendants have yet to be served, the parties would not be prejudiced by
12 remand.  When a single federal-law claim in an action is eliminated at an early stage of the
13 litigation, the court has a powerful reason to choose not to continue to exercise jurisdiction.
14 Carnegie-Mellon, 484 U.S. at 351.   Thus, the remaining action shall be remanded back to state
15 court.

**ORDER**

Therefore, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is ordered to dismiss Defendant Delano Regional Medical Center from this action in light of the filed and signed Rule 41(a)(1)(ii) Stipulation Of Dismissal With Prejudice;
2. Plaintiff's request for remand is GRANTED;
3. This case IS REMANDED to the Kern County Superior Court; and
4. The Clerk of the Court is directed to serve a certified copy of this order upon the Kern County Superior Court, and to serve the parties in the usual manner.

IT IS SO ORDERED.

**Dated:   September 27, 2006**            **/s/ Anthony W. Ishii**
0m8i78                         UNITED STATES DISTRICT JUDGE